**Summers v. Giant Food Stores Inc.**

C.P. of Dauphin County, no. 5562 S 1991.

*David W. Knauer,* for plaintiff.
*George B. Faller Jr.,* for Giant Foods.
*Scott A. Fleischauer,* for Hershocks.
*Bradley D. Remick,* for Stanley Door.
*Paūl Grego,* for additional defendant Microwave Sensors.

TURGEON, *J.,* April 3, 1997—The issues presented are whether this court can rule on plaintiff's post-trial motions based on just a portion of the transcript, and if not, who is responsible to pay for the complete trial transcript.[1]

## PROCEDURAL HISTORY

On January 31, 1997, following a five-day trial, the jury returned a verdict in favor of all defendants in the above-captioned matter. On February 10, 1997, the plaintiff filed post-trial motions seeking judgment n.o.v. or a new trial on the basis that the verdict was against the weight of the evidence. Her counsel orally requested

---

1. The trial transcript does not ordinarily include voir dire, opening or closing statements and the reading into the record of written documents which have been accepted as exhibits, unless otherwise ordered. Pa.R.J.A. 5000.2(g), 42 Pa.C.S.

the court reporter only prepare direct testimony of some of plaintiff's witnesses. After defendants' counsel was notified, at least one of them informed the court reporter he needed the entire trial proceedings transcribed. The court reporter suggested all the parties equally split the cost of the entire original transcript.[2] Counsel for Giant Food Stores refused this suggestion, arguing that it was solely plaintiff's responsibility to request and pay for the cost of the entire transcript. All defendants then filed a motion seeking dismissal of plaintiff's post-trial motions on this basis. Thereafter, I informed the court reporter she was to transcribe that portion of the record requested by the plaintiff and that if defendants wanted additional portions, it was their responsibility to pay for them pursuant to Pennsylvania Rule of Civil Procedure 227.3, 42 Pa.C.S. Defendants have made no such request because they do not feel it their financial responsibility under the rules.

## LEGAL DISCUSSION

Upon further review of the issues presented, it is the court's conclusion that (1) the entire trial transcript is necessary to resolve the issues presented by plaintiff and (2) plaintiff is financially responsible for the original transcript under Rule 227.3.

Rule 227.3 provides as follows:

"All post-trial motions shall contain a request designating that portion of the record to be transcribed in order to enable the court to dispose of the motion. Within 10 days after the filing of the motion, any other party may file an objection requesting that an additional, lesser or different portion of the record be transcribed. If no portion is indicated, the transcription of the record

---

2. See Pa.R.J.A. 5000.7(a), 42 Pa.C.S.

shall be deemed unnecessary to the disposition of the motion. The trial judge shall promptly decide the objection to the portion of the record to be transcribed."[3]

Under this rule, where the non-moving party has objected to the portions of the transcript which the moving party has deemed necessary, the trial judge has "ultimate authority to decide what portions of the record shall be transcribed." Pa.R.C.P. 227.3, Explanatory Comment—1983. Based upon the Explanatory Comment to Rule 227.3, which notes that the transcription of the entire record is in most cases expensive and unnecessary, the court reporter was directed only to transcribe those portions of the record the plaintiff believed supported her post-trial motions.[4] Upon further reflection, however, it appears, unfortunately, that a transcription of the complete record is warranted to address the issues raised in plaintiff's motions for judgment n.o.v. and a new trial.

---

3. We note that plaintiff failed to request in her post-trial motions what portion of the record was to be transcribed, as required by Rule 227.3. Furthermore, defendants, upon learning plaintiff sought only a partial transcript, did not file objections pursuant to this rule. However, in the spirit of Rule 126, which allows for liberal construction of the rules, we will disregard these procedural defects since they have not affected the parties' substantial rights. Pa.R.C.P. 126, 42 Pa.C.S.

4. The Explanatory Comment to Rule 227.3 states in part:

"In most instances, the disposition of post-trial motions does not require that the entire testimony in an action be transcribed. Specific parts of the record will support theories which are set forth as a basis for a post-trial motion. In such a situation, the transcription of the complete record is expensive, unnecessary and time-consuming. In an attempt to lessen the expense and delay in post-trial proceedings, Rule 227.3 requires only those portions of the record necessary to dispose of the motion."

A request for a motion for judgment n.o.v. involves inquiry as to the legal sufficiency of the evidence. *Lilley v. Johns-Manville Corp.,* 408 Pa. Super. 83, 91, 596 A.2d 203, 207 (1991), *appeal denied,* 530 Pa. 644, 607 A.2d 254 (1992). In considering such a motion, the court must consider the evidence and all reasonably deducible inferences from the evidence in a light most favorable to the verdict winner. *Id.* Such a review requires the court have the entire record before it. See *Commonwealth v. Jones,* 300 Pa. Super. 518, 446 A.2d 976 (1982).

A motion for new trial based upon an assertion that the verdict was against the weight of the evidence, requires a review of all the evidence. See *Farelli v. Marko,* 349 Pa. Super. 102, 105, 502 A.2d 1293, 1295 (1985). Thus, a meaningful and proper review of the plaintiff's motions requires the court to review the entire trial transcript, not just that favorable to the moving party.

Despite the Explanatory Comment, it appears that the entire trial transcript is necessary to disposition of plaintiff's post-trial motions.[5] The next question is who is financially responsible? Rule 227.3 does not address this question. We are guided, however, by the Rules of Appellate Procedure wherein, as a general rule, it is the appellant's obligation to supply the appellate court with a complete record for purposes of review, and

5. Our own experience is that disposition of post-trial motions, which in most cases requests a new trial for a verdict that is against the weight of the evidence and a judgment n.o.v., will require the entire trial transcript. Transcription of a portion of the record does not always hasten the proceedings since court reporters have to produce many excerpts under separate covers. (This is especially true, since the decision on the post-trial motions is almost always appealed, requiring a complete transcript in the future.)

by obvious implication, the payment thereof. Pa.R.A.P. 1911(a), 42 Pa.C.S.; *Oblon v. Ludlow-Fourth Corp.,* 406 Pa. Super. 591, 605, 595 A.2d 62, 69 (1991), *alloc. denied,* 529 Pa. 651, 602 A.2d 860 (1992). It would be unreasonable to require a verdict winner opposing post-trial motions to supply the court with the record necessary for disposition of the moving party's motions.

Accordingly, we enter the following:

## ORDER

And now, April 3, 1997, upon necessary payment by the plaintiff, the court reporter is directed to transcribe the entire trial transcript. Failure by plaintiff to pay in accordance with this order will result in the dismissal of her post-trial motions.

Defendants' motion to strike or dismiss plaintiff's post-trial motions is hereby denied.